IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE JIMENEZ MORENO and MARIA JOSE LOPEZ, | ) ) ) | |
| on behalf of themselves and all others similarly situated, | ) ) ) | |
| *Plaintiffs*, | ) ) | No. 1:11-cv-05452 |
| vs. | ) ) ) | Judge John Z. Lee |
| JANET NAPOLITANO, et al., | ) ) | |
| in their official capacities, | ) ) ) | |
| *Defendants*. | ) | |

**JOINT STATUS REPORT REGARDING
DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

Pursuant to the Court's Order of January 8, 2013 (Dkt. No. 63), Plaintiffs Jose Jimenez Moreno and Maria Jose Lopez, on behalf of themselves and all others similarly situated ("Plaintiffs"), and Defendants Janet Napolitano, John Morton, David C. Palmatier, and Ricardo Wong, acting in their official capacities ("Defendants"), hereby respectfully submit their Joint Status Report regarding a plan for the discovery of electronically stored information (the "Plan"). Per the Court's Order, the Parties met and conferred telephonically on February 28, 2013, at 2:30 pm. Benjamin Carr and Mark Fleming participated on behalf of the Plaintiffs and Colin Kisor, William Silvis, Lana Vahab, and technical advisors from U.S. Immigration and Customs Enforcement ("ICE") participated on behalf of the Defendants.

**I.      GENERAL PROVISIONS**

   **A.      Reservation of Rights:** The submission of this Plan does not waive any Party's right to request further discovery of electronically stored information (ESI) responsive to any

current or future discovery request, to object to any request for ESI, or to seek relief from the Court from any discovery request for any reason. Because discovery is ongoing, the Parties recognize that further discovery of ESI may be warranted as the litigation continues and reserve the right to modify, amend, or supplement the Plan by agreement. The Parties agree that they have a continuing obligation to meet and confer in good faith regarding further requests for ESI or modification of this Plan. The Parties also acknowledge that this Plan does not affect their rights or responsibilities in regards to the production of non-ESI documents and things.

      **B.**      **Timing of Production:** The Parties anticipate that they will be able to provide some ESI within sixty (60) days of written discovery requests. At this time, however, Defendants cannot provide an estimate of how long it will take to produce the documents identified in III.B. below, and agree to meet and confer with the Plaintiffs if these documents cannot be produced within sixty (60) days. The Parties are currently negotiating the search terms to be used and the relevant e-mail custodians for the searches and both Parties explicitly reserve the right to bring this matter to the attention of the Court if they fail to reach an agreement.

      **C.**      **Format of Production:** The Parties will produce any non-privileged, responsive ESI in searchable PDF format, native file format, or any other format mutually agreeable to the Parties. To the extent that certain ESI from the Defendants is not capable of production in searchable PDF or native file format (e.g., ESI from proprietary or non-commercial databases or software), Defendants will produce screenshots of this ESI in PDF format. The Parties specifically reserve the right to make reasonable requests for metadata related to any produced ESI and agree to meet and confer regarding any such requests.

**II.**      **ESI PLAN FOR PLAINTIFFS' DOCUMENTS**

At the present time, Plaintiffs believe that the amount of ESI in their custody or control and responsive to Defendants' discovery requests is, at most, minimal. Therefore, Plaintiffs do

not believe that a specialized plan for discovery of their ESI is necessary in order to respond to the Defendants' Requests for Production. To the extent that any electronic documents exist that are non-privileged, relevant to the claims and defenses in this litigation, and responsive to the Defendants' discovery requests, Plaintiffs will undertake a reasonable investigation for those documents and produce them pursuant to their obligations under the Federal Rules of Civil Procedure and this Plan.

Defendants do not object to Plaintiffs' position at this time, but, as discovery is ongoing, Defendants specifically reserve the right to request further ESI from Plaintiffs.

### III. ESI PLAN FOR DEFENDANTS' DOCUMENTS

#### A. General ESI Production

With the exception of electronic mail (discussed below), Defendants do not believe that a specialized plan for discovery of their ESI is necessary in order to respond to the Plaintiffs' Requests for Production. To the extent that electronic documents exist that are non-privileged, relevant to the claims and defenses in this litigation, and responsive to the Plaintiffs' discovery requests, Defendants will undertake a reasonable investigation for those documents and produce them pursuant to their obligations under the Federal Rules of Civil Procedure and this Plan.

Plaintiffs do not object to Defendants' position at this time, but, as discovery is ongoing, Plaintiffs specifically reserve the right to request the production of further ESI from Defendants.

#### B. Electronic Mail Production

At the present time, the Parties agree that production of electronic mail is appropriate to respond to Plaintiffs' Request for Production Nos. 10–13. To that end, the Parties have agreed that Defendants will run an initial search of the e-mail accounts of the individuals listed below in III.B.1 and 2, with the agreed search terms for each account. After receiving the results of this initial search, if the Defendants believe that the number of documents identified is too

voluminous and unduly burdensome, the Parties agree to meet and confer regarding adjustments to the search terms, custodians, and/or date range. Otherwise, once Defendants have conducted the e-mail searches, they will review the e-mails for responsiveness and for privilege, and will produce only responsive and non-privileged documents.

Because Defendants have not yet conducted these searches, they reserve the right to object to producing e-mails resulting from these searches if the volume returned is so large that it would constitute an undue burden on Defendants. Defendants also reserve the right to request that Plaintiffs share in the cost of producing documents in III.B. of this Joint Status Report should those costs place an undue burden on Defendants. Plaintiffs explicitly reserve the right to contest any of Defendants' objections or object to any requests for cost-sharing from Defendants.

This agreement does not affect Defendants' obligation to produce non–electronic mail documents, including other forms of ESI, responsive to any Request for Production, including Request Nos. 10–13. Furthermore, Plaintiffs specifically reserve the right to request further electronic mail production from Defendants if ongoing discovery renders such production necessary or appropriate to fully comply with any Request for Production served by Plaintiffs.

In order to streamline discovery of this ESI, the Parties have agreed to the following custodians, date limits, and search terms for the production of electronic mail documents:

   1. **E-Mail Search Parameters for Plaintiffs' Request for Production Nos. 10–12**

      Custodians
      - Carly Schilling
      - Jessica Antia
      - Giuseppe Dimaggio
      - Anibal Vega
      - Glenn Triveline
      - Ricardo Wong
      - James Bond
      - John Morton

Date Limit:
October 1, 2010 to March 8, 2013

Search Terms:
- "Jose Jimenez Moreno"
- "Jimenez Moreno"
- Jose /3 Moreno
- Jose /3 Jimenez
- "Maria Jose Lopez"
- Maria /3 Lopez
- "203 414 256"
- "075 424 646"
- A203414256
- A075424646

2. **E-Mail Search Parameters for Plaintiffs' Request for Production No. 13**

Custodians:
- John Morton
- Marc Rapp
- David Venturella
- Gary Mead
- Gregory Archambeault
- Harold Hurtt
- Andrew Lorenzen-Strait
- Susan Penney
- Randi Greenberg
- Rachel Canty
- Ricardo Wong
- James Bond
- Glenn Triveline

Date Limit:
- January 1, 2010 to March 8, 2013

Search Terms:
- "Cook County"
- Cook & (board! or commissioner! or sheriff!)
- detainer /3 (ordinance or policy)
- Preckwinkle
- Kurt /3 Summers
- Dart
- Peter /3 Kramer

5

- Martin /3 Stack
- Brian /3 Towne
- Commissioner /3 Garcia
- Jesus /3 Garcia
- Commissioner /3 Schneider
- Tim! /3 Schneider
- John /3 Kass
- Frank /3 Bilecki
- Saul /3 Chavez
- Dennis /3 McCann
- Brian /3 McCann
- Champaign & sheriff!
- Sheriff /3 Walsh
- Dan! /3 Walsh
- Agent /3 Ramos
- Fernando /3 Ramos
- Milwaukee /5 Board
- Peggy /3 West
- Supervisor /3 West
- Chris /3 Abele
- Executive /3 Abele
- David /3 Clarke
- Sheriff /3 Clarke
- (object! or complain! or enforce!) /10 detainer!

Dated: March 8, 2013

By: /s/ Benjamin P. Carr

*Counsel for Plaintiffs*

Linda T. Coberly
Raymond C. Perkins
Benjamin P. Carr
Joel M. Wallace
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600
LCoberly@winston.com
RPerkins@winston.com
BCarr@winston.com
JWallace@winston.com

Claudia Beatrice Valenzuela Rivas
Mark M. Fleming
NATIONAL IMMIGRANT JUSTICE CENTER
208 South LaSalle Street, Suite 1818
Chicago, Illinois 60604
Telephone: (312) 660-1370
Fax: (312) 660-1505
cvalenzuela@heartlandalliance.org
mfleming@heartlandalliance.org

/s/ Colin Abbott Kisor

*Counsel for Defendants*

Colin Abbott Kisor
Lana Lunskaya Vahab
William C. Silvis
United States Department of Justice,
Civil Division
Office of Immigration Litigation, District Court Section
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
colin.kisor@usdoj.gov
lana.vahab@usdoj.gov
william.silvis@usdoj.gov

7

                                                    Craig Arthur Oswald
                                                    United States Attorney's Office
                                                    Northern District of Illinois
                                                    219 South Dearborn Street, Suite 500
                                                    Chicago, Illinois 60604
                                                    craig.oswald@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSE JIMENEZ MORENO and MARIA JOSE LOPEZ, | ) ) ) |
| on behalf of themselves and all others similarly situated, | ) ) ) ) |
| *Plaintiffs*, | ) No. 1:11-cv-05452 ) |
| vs. | ) Judge John Z. Lee ) |
| JANET NAPOLITANO, et al., | ) ) |
| in their official capacities, | ) ) ) |
| *Defendants*. | ) |

**CERTIFICATE OF SERVICE**

    I, Benjamin P. Carr, hereby certify that on the 8th day of March, 2013, I caused a true and correct copy of the foregoing JOINT STATUS REPORT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION to be filed and served on counsel of record of all parties via operation of the Court's electronic filing system:

                                                            /s/    Benjamin P. Carr_____