IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE JIMENEZ MORENO and MARIA JOSE LOPEZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JANET NAPOLITANO, Secretary of the Department of Homeland Security (DHS); JOHN MORTON, Director of U.S. Immigration and Customs Enforcement (ICE) and Removal Operations (ERO); DAVID C. PALMATIER, Unit Chief, ICE/ERO Law Enforcement Support Center (LESC); RICARDO WONG, ICE/ERO Director, Chicago Field Office, in their official capacities, <br><br> Defendants. | Case No. 11 C 5452 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Jeffrey Cole |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jose Jimenez Moreno was in the custody of the Sheriff of Winnebego county, Illinois, and Plaintiff Maria Jose Lopez was in the custody of the federal correctional center in Tallahassee, Florida, when they became the subjects of Form I-247 immigration detainers issued by the Immigration and Customs Enforcement Division ("ICE") of the United States Department of Homeland Security ("DHS"). The detainers requested that the respective local law enforcement agency ("LEA") retain custody of Moreno and Lopez, upon their release, up to 48 additional hours. Moreno and Lopez filed this lawsuit, alleging that ICE's issuance of the Form I-247 retainers exceeded its authority under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(2)(A)–(D), and the Immigration and Naturalization Act ("INA"), 8 U.S.C. §§ 1226(a), 1357(a)(2), and 1357(d) (Claim I). Plaintiffs also assert that the retainers violated Plaintiffs'

rights under the Fourth and Fifth Amendment (Claims II and III) and contravened the Tenth Amendment by compelling state and local LEAs to enforce a federal regulatory scheme (Claim IV).

Before the Court are the parties' cross-motions for partial judgment on the pleadings as to Claims I and IV. For the reasons provided herein, the Court denies both parties' motions as to Claim I and grants Defendants' motion as to Claim IV.

## Factual Background[1]

### I.     The I-247 Detainer Form

ICE is the division of DHS charged with identifying and removing unlawfully present aliens from the United States. Amend. Compl. ¶ 15. As part of carrying out that task, ICE's division of Enforcement and Removal ("ERO") issues Form I-247 immigration detainers to federal, state, and local LEAs. *Id.* These detainers contain two main sections. *Id.*, Ex. A (Immigration Detainer – Notice of Action).

The first section advises a LEA that DHS has taken an action concerning an individual in the LEA's custody. *Id.* The detainer form issued to Moreno and Lopez lists four checkboxes ("☐") corresponding to various actions undertaken by DHS: (1) commencement of an investigation to determine whether the individual is subject to removal from the United States; (2) issuance of a Notice to Appear or other charging document initiating removal proceedings; (3) issuance of a warrant of arrest in removal proceedings; and (4) issuance of an order of

---

[1]    When reviewing a motion under Rule 12(c), the Court considers the facts alleged in the pleadings in the light most favorable to the nonmoving party. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). The facts set forth herein are not disputed.

deportation or removal from the United States. *Id.*, Ex. A. ICE indicates which of these actions are applicable by checking the box next to the corresponding action. *Id.*[2]

The second section of the detainer form requests that the LEA take certain actions. Amend. Compl., Ex. A. DHS can request the LEA to: (1) maintain custody of an individual for a period not to exceed forty-eight hours (excluding Saturdays, Sundays, and Federal holidays) to provide adequate time for DHS to assume custody of the individual pursuant to 8 CFR § 287.7; (2) sign and return a copy of the form; (3) notify DHS of the time of release at least thirty days prior to release or as far in advance as possible; (4) notify DHS in the event of the inmate's death or transfer to another institution; and (5) cancel the detainer. *Id.* Like the first section, ICE indicates what action it requests the LEA to take by checking a box next to the appropriate action(s). *Id.*[3]

## B. The Named Plaintiffs

In November 2010, Plaintiff Maria Lopez pleaded guilty to the federal offense of "misprision of a felony." Am. Compl. ¶ 14. On January 25, 2011, she surrendered herself to the Federal Correctional Institution ("FCI") in Tallahassee, Florida, to serve a year-long sentence. *Id.* On February 1, 2011, ICE's Chicago Area of Responsibility ("AOR")[4] issued an I-247 immigration detainer against Lopez to the FCI. *Id.*, Ex. A.

---

[2] In December 2012, ICE revised the first checkbox to state that ICE has "[d]etermined that there is reason to believe the individual is an alien subject to removal from the United States." *See* Pl.'s Mem. Supp. Class Cert., Exs. A, B, C.

[3] In December 2011, ICE modified the detainer form to request that the LEA provide a copy of the detainer form to the detained individual. *See* Pl.'s Mem. Supp. Class Cert., Exs. B, C. ICE also added a section entitled "Notice to the Detainee" and included a telephone number by which the individual could contact ICE if he or she believed the detainer to be improper. *Id.*

[4] The Chicago AOR for ICE is responsible for Illinois, Indiana, Wisconsin, Missouri, Kentucky, and Kansas. Am. Compl. ¶ 18. The ERO Field Office for the ICE Chicago AOR (the "ERO Field Office") issues detainers for those six states. Defs.' Opp'n 8 (citing Ex. A, Kaufman Decl. at ¶ 2). The ERO Field Office also issues detainers for twenty-four additional states on weekends, holidays, and after

In the first section of the detainer, DHS advised the FCI that an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States." *Id.*, Ex. A. In the second section of the detainer, DHS requested that the FCI: (1) maintain custody of Lopez pursuant to 8 CFR § 287.7 for a period not to exceed forty-eight hours to provide DHS time to assume custody of Lopez; (2) notify DHS at least thirty days prior to Lopez's release or as soon as possible; and (3) notify DHS in the event of Lopez's death or transfer to another institution. *Id.*, Ex. A.

On March 21, 2011, Plaintiff Jose Moreno was arrested in Rockford, Illinois, and taken into state custody. *Id.* ¶ 13. That same day, ICE's Chicago AOR issued a Form I-247 immigration detainer against Moreno to the Winnebago County Sheriff. Am. Compl. ¶ 13, Ex. A.

The first section of the detainer advised the Sheriff that an "[i]nvestigation has been initiated to determine whether this person is subject to removal from the United States." *Id*, Ex. A. In the second section, DHS requested that the Sheriff: (1) maintain custody of Moreno pursuant to 8 CFR § 287.7 for a period not to exceed forty-eight hours to provide DHS time to assume custody of Moreno; (2) complete, sign, and return the form; (3) notify DHS at least thirty days prior to Moreno's release or as soon as possible; and (4) notify DHS in the event of Moreno's death or transfer to another institution. *Id.*, Ex. A.

## Legal Standard

Federal Rule of Civil Procedure ("Rule") 12(c) permits a party to move for judgment on the pleadings after the complaint and answer have been filed. *See* Fed. R. Civ. P. 12(c). A Rule 12(c) motion for judgment on the pleadings is "designed to provide a means of disposing of

---

normal business hours. *Id.* (citing Ex. A, Kaufman Decl. at ¶ 2). The Chicago Deport Center, which was previously run out of the ICE Chicago AOR, issued detainers nationwide, including the detainer issued to Lopez. *Id.* (citing Ex. A, Kaufman Dec. at ¶ 4).

cases when the material facts are not in dispute and a judgment on the merits can be achieved by focusing on the content of the pleadings and any facts of which the court will take judicial notice." *Cincinnati Ins. Co. v. Contemporary Distrib., Inc.*, No. 09 C 2250, 2010 WL 338943, at *2 (N.D. Ill. Jan. 26, 2010) (quoting *All Amer. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2001)). For the purposes of a Rule 12(c) motion, the pleadings consist of the complaint, answer, and any written documents attached as exhibits. *Hous. Auth. Risk Retention Grp. Inc. v. Chi. Hous. Auth.*, 378 F.3d 596, 600 (7th Cir. 2004) (citing Fed. R. Civ. P. 12(c)).

Courts review Rule 12(c) motions using the same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6): the facts in the pleadings are viewed in the light most favorable to the nonmoving party, and the motion will be granted "only if it appears beyond doubt that the [nonmoving party] cannot prove any facts that would support his claim for relief." *Buchanan-Moore*, 570 F.3d at 827. "Thus to succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

## Analysis

### I. Claim I – Exercise of Detainer Authority

In Claim I of their Amended Complaint, Plaintiffs allege that Defendants' application of the immigration detainer regulations and issuance of I-247 detainers exceed Defendants' constitutional and statutory authority in violation of 5 U.S.C. §§ 706(2)(A)-(D).[5] Amend.

---

[5] 5 U.S.C. § 706(2) permits a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [or] (D) without observance of procedure required by law[.]"

Compl. ¶ 39. For their part, Defendants construe Claim I as arguing that ICE lacks the statutory authority to issue detainers *at all* under the relevant provisions of the INA, 8 U.S.C. §§ 1226(a), 1357(a)(2), and 1357(d). Based on this construction, Defendants argue that judgment on the pleadings is appropriate, because ICE issues immigration detainers pursuant to 8 C.F.R. § 287.7, which is within the statutory framework of the INA.

Although Defendants' argument may be correct as a matter of law, their view of Claim I is incorrect. Rather than challenging ICE's authority to issue detainers in the first instance, Plaintiffs here assert that the manner in which ICE exercises that authority when issuing detainers is contrary to and unsupported by 8 U.S.C. §§ 1226(a), 1357(a)(2), and 1357(d).[6] Specifically, Plaintiffs allege that ICE exceeds its statutory and constitutional authority under 5 U.S.C. §§ 706(2)(A)-(D) when it issues detainers without probable cause, without providing the subject with notice, and without providing a sufficient mechanism by which the subject can challenge the grounds for the detainer. *See* Amend. Compl. ¶¶ 20–21, 42 (probable cause); 22, 48 (notice); 23, 49 (lack of challenge mechanism).

In response, Defendants deny Plaintiffs' allegations and claim that their exercise of authority meet statutory and constitutional muster because: (1) the detainers are not issued unless there is "reason to believe" the individual is subject to removal from the United States; (2) the updated detainer form instructs LEAs to provide notice of the detainers to the individuals; and (3) the updated detainer form contains a telephone number by which the individual can contact ICE if he or she believes the detainer was not issued correctly. Determining whether

---

[6] *See* Amend. Compl. ¶ 1 ("ICE's exercise of detainer authority, however, regularly exceeds its statutory authority"); *id.* ¶ 37 ("Defendants' failure to restrict its issuance of detainers to its authority under the INA . . ."); *id.* ¶ 38 ("Defendants' failure to issue detainers in accordance with due process protections required by the relevant provisions of the INA . . . "); *see also* Pls.' Mot. Partial J. Pleadings 1–2 ("Plaintiffs contend that Defendants' *exercise* of authority under that regulation . . . exceeds the authority granted to immigration officers and employees under the statute.").

Defendants' exercise of their immigration detainer authority comports with ICE's statutory authority and constitutional parameters will require the Court to resolve material issues of fact regarding Defendants' immigration detainer policies and procedures.[7] Faced with this argument, Defendants concede that "the question of how ICE exercises its authority under 8 C.F.R. § 287.7 is a factual issue that has been the subject of intense discovery[.]" Defs.' Reply 2. Because there are material issues of fact to resolve, the Court denies Defendants' motion for judgment on the pleadings as to Claim I.

Plaintiffs, on the other hand, argue that the Court should grant their respective motion for judgment on the pleadings because Defendants' practice of issuing detainers without a warrant, finding a risk of flight, or provision of a prompt hearing exceeds ICE's authority under 8 U.S.C. §§ 1226(a)[8] and 1357(a)(2). Although Defendants do not issue warrants prior to issuing the immigration detainers under § 1226(a), § 1357(a) provides different circumstances under which ICE may detain or arrest an individual without a warrant. Therefore, in order for the Court to determine whether ICE's issuance of detainers exceeds its statutory authority and violates Plaintiffs' constitutional rights, the Court must resolve material issues of fact. For example, based solely on the pleadings, the Court cannot determine whether, under 8 U.S.C. § 1357(a), ICE issues detainers after (1) having found reason to believe that the particular alien violated an immigration law or committed a felony; and (2) whether the alien is likely to escape before a

---

[7] For example, Defendants claim that, under their policies and procedures, detainers are not issued unless there is a "reason to believe" the individual is subject to removal from the United States. *See* Defs. Mot. Judg. Pleadings 2. Plaintiffs, however, contend that Defendants' policies and procedures allow detainers to be issued without a "reason to believe" the individual is subject to removal from the United States. *See* Pls. Opp'n Defs.' Mot. Judg. Pleadings 6–7. Determining whether Defendants' exercise of authority used to issue detainers violate Plaintiffs' constitutional rights will require this Court to look beyond the pleadings and resolve material issues of fact regarding Defendants' policies and practices.

[8] 8 U.S.C. § 1226(a) provides that "[o]n warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States."

warrant can be obtained for his arrest. Therefore, the Court also denies Plaintiffs' motion for judgment on the pleadings as to Claim I.

## II. Claim IV – Commandeering Under the Tenth Amendment

Turning to Claim IV of Plaintiffs' Amended Complaint, Plaintiffs allege that Defendants' issuance of immigration detainers *requires* LEAs to maintain custody of an individual for a period not to exceed forty-eight hours in violation of the Anti-Commandeering Principle of the Tenth Amendment. Amend. Compl. ¶ 54. Plaintiffs argue that Defendants' detainers are mandatory for LEAs because 8 C.F.R. § 287.7 contains the word shall: "upon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency *shall* maintain custody of the alien for a period not to exceed 48 hours[.]" 8 C.F.R. § 287.7(d) (emphasis added). Defendants, on the other hand, point to 8 C.F.R. § 287.7(a) which states that a "a detainer serves to *advise* another law enforcement agency that the Department seeks custody of an alien . . . [and] [t]he detainer is a *request* that such agency advise the Department[.]" (emphasis added). Both parties now move for judgment on the pleadings as to Claim IV.

Since the parties filed their briefs, the Third Circuit issued a decision holding that ICE detainers are requests that do not violate the Tenth Amendment. *Galarza v. Szalczyk*, 745 F.3d 634, 636 (3d Cir. 2014). Acknowledging the Third Circuit's decision, Plaintiffs now concede "that the detainer regulation cannot be understood as mandatory because any other interpretation would violate the Tenth Amendment." Pls.' Supplemental Memo. 6. In light of Plaintiff's concession, the Court grants Defendants' motion for judgment on the pleadings as to Claim IV.

8

## Conclusion

For the reasons discussed herein, the Court denies both parties' motions as to Claim I, grants Defendants' motion as to Claim IV, and denies Plaintiffs' motion as to Claim IV.

SO ORDERED        ENTER: 9/29/14

                **JOHN Z. LEE**
                **United States District Judge**