UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE JIMINEZ MORENO and MARIA JOSE LOPEZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JANET NAPOLITANO, *et al.*, in their official capacities, <br><br> Defendants. | No. 11-CV-05452 <br><br> Judge John Z. Lee <br><br> Defendants' Memorandum in Support of Motion for Additional Time to File a Motion to Stay the Effect of Judgment Pending Appeal |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION FOR ADDITIONAL TIME TO FILE A MOTION TO STAY THE EFFECT OF JUDGMENT PENDING APPEAL**

Defendants in their official capacities, by and through their attorneys, Colin A. Kisor, William Silvis, and Katherine Goettel, United States Department of Justice, Office of Immigration Litigation, District Court Section, and Craig Oswald, Assistant United States Attorney, move this Court for a continuance until October 21, 2016, to file its motion to stay enforcement of the judgment pending appeal. On October 4, 2016, counsel for Plaintiffs and Defendants conferred and Plaintiffs will present their position on this motion at the Status Conference on October 7, 2016.

**I.     INTRODUCTION**

On September 30, 2016, this Court denied Defendants motion to decertify the class and granted Plaintiffs' motion for summary judgment. (ECF No. 230.) The Court held that Defendants' detainer practices exceed the authority granted by 8 U.S.C. §§ 1226(a) and 1357(a)(2) and were therefore unlawful under 5 U.S.C. § 706(2)(C). The Court instructed

Defendants to file their motion for a stay of the effect of judgment pending appeal by October 6, 2016, should they choose to do so. Defendants request an additional 15 days, until October 21, to file their motion to stay the effect of judgment pending appeal, and request a concomitant period of time for the Court to maintain in place the one-week stay it ordered when it entered its ruling. Counsel for Plaintiffs indicate that they will take a position on this motion on October 7, at the status conference.

II.     **STANDARD UNDER FEDERAL RULE OF CIVIL PROCEDURE 62**

In order to obtain a stay of enforcement of a judgment pending appeal, the requesting party must show "that it has a significant probability of success on the merits; that it will face irreparable harm absent a stay; and that a stay will not injure the opposing party and will be in the public interest." *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006) (citing *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987)). The Court must then balance these factors. If an "appeal has some though not necessarily great merit," a great showing of harm "would justify the granting of an injunction [or stay] pending appeal provided . . . that the [opposing party] would not suffer substantial harm from the granting of the injunction." *Cavel Int'l, Inc. v. Madigan*, 500 F.3d 544, 547 (7th Cir. 2007).

III.    **ARGUMENT**

This Court should allow the Government extra time to file a thoughtful and complete motion for a stay of the effect of the judgment pending appeal (and should also maintain the Court's stay of the effect of the judgment). Determining whether to appeal the Court's order, which will effectively enjoin United States Immigration and Customs Enforcement (ICE) from issuing detainers under the present Priority Enforcement Program (PEP) program (in the Chicago

Area of Responsibility) will require the coordination of multiple federal agencies including several components of the Justice Department including the Solicitor General's Office.[1] This decision will involve consultation by numerous attorneys at DOJ and DHS and will take time, because this Court's ruling is a case of first impression that interprets a federal statute in a manner which significantly impacts the nationwide operations of the nation's immigration law enforcement agency, and indeed, will nullify a significant number of existing immigration detainers.

Defendants believe that they will have a significant probability of success on the merits of an eventual appeal. Additionally, Defendants believe that ICE's ability to detain criminal aliens would be irreparably harmed if the present program for issuing detainers becomes enjoined by this Court, and ICE is then unable to issue detainers for criminal aliens until such time as it develops policies and procedures, and trains all its agents, on new requirements to the program. The extra time to file the Motion to Stay (and indeed any ultimate stay through appeal) will not injure the named plaintiffs in this case because both named plaintiffs' cases are moot and they are not in custody nor subject to any detainer. Moreover, because aliens who enter ICE custody are afforded bond hearings unless they are mandatorily detained, there will be little harm to the class members generally, and no harm to the class members who will be mandatorily

---

[1] A decision whether or not to appeal must be made by the Office of the Solicitor General. *See* 28 C.F.R. § 0.20(b); *see also* United States Attorney's Manual § 2-2.121 ("All appeals to the lower appellate courts in cases handled by divisions of the Department and United States Attorneys, and all petitions for certiorari and direct appeals to the Supreme Court must be authorized by the Solicitor General. This includes interlocutory appeals and appeals to state appellate courts.")

detained under 8 U.S.C. § 1226(c) once they enter ICE custody.[2] Finally, the Government plans to argue that a stay pending appeal is in the public interest – the PEP program was implemented as part of the executive actions on immigration in November 2014 and is a significant part of the Federal Government's effort to remove criminal aliens from the United States.

## IV.     CONCLUSION

Defendants respectfully request that the Court grant their request for an additional 15 days to file their motion, until October 21, 2016, to stay the effect of judgment pending appeal, and should grant a concomitant period of time in which the Court maintains in place its initial one-week stay of the effect of the judgment it ordered when it entered its ruling.

\#

\#

\#

---

[2] The Class, as modified by the Court, includes aliens who have been convicted of aggravated felonies and have a detainer issued against them who will be ineligible for bond when transferred into ICE custody. (ECF 230 at 4).

Date: October 4, 2016                                Respectfully submitted,

                                                     BENJAMIN MIZER
                                                     Principal Deputy Assistant Attorney General
                                                     Civil Division

                                                     WILLIAM C. PEACHEY
                                                     Director, Office of Immigration Litigation
                                                     District Court Section

                                                     COLIN A. KISOR
                                                     Deputy Director

                                                     WILLAIM SILVIS
                                                     Assistant Director

                                                     */s/ Katherine E. M. Goettel*
                                                     KATHERINE E.M. GOETTEL
                                                     Senior Litigation Counsel
                                                     United States Department of Justice
                                                     Civil Division
                                                     Office of Immigration Litigation
                                                     District Court Section
                                                     Post Office Box 868
                                                     Ben Franklin Station
                                                     Washington, DC  20044

                                                     Attorneys for Defendants