UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE JIMINEZ MORENO and MARIA JOSE LOPEZ, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> JANET NAPOLITANO, *et al.*, in their official capacities, <br><br> Defendants. | No. 11-CV-05452 <br><br> Judge John Z. Lee <br><br> Defendants' Opposition to Plaintiff's Motion to Amend or Alter Judgment |

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' RULE 59(e) MOTION TO AMEND OR ALTER JUDGMENT

Defendants, in their official capacities, by and through their attorneys, oppose Plaintiffs' Rule 59(e) motion to amend or alter the November 28, 2016 judgment in this case. ECF No. 241. Defendants oppose adding the requirement that a warrant be *served* by Immigration and Customs Enforcement ("ICE") in order for a detainer to be valid and effective. That requirement is not found in the immigration laws or regulations and would defeat the purpose of ICE issuing a detainer for many of those individuals in short-term criminal detention. For these reasons, Defendants ask the Court to deny Plaintiffs' motion.

**I.  Service of a Warrant is Not Required By the Immigration Laws or Regulations**

Plaintiffs ask the Court to amend the judgment to add the phrase "and served" such that a detainer would not be valid unless a warrant is also served on the subject of the detainer. *See* ECF No. 241 at 4. Neither the Immigration and Nationality Act (INA), nor the implementing regulations even provide for the service of a warrant on the subject alien. Sections 1226 and 1357(a)(2) do not mention the term "service." The implementing regulations are also silent on a

service requirement. The only relevant regulatory provision that even references service, 8 C.F.R. § 287.5(e)(3), does so in a title, which does not impact the meaning of the provision. In fact, it details only which types of officers or agents may "execute" a warrant for civil immigration violations. The regulation in no way requires that service be complete in order for ICE to issue a detainer. Moreover, 8 C.F.R. § 287.12 makes clear that 8 C.F.R. Part 287 provides only "internal guidance" and does not "create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal."

For authority, Plaintiffs cite an internal INS Policy Manual, which has not been updated since January 1993, *See* Pl. Mem. at 12, and should be given no weight. Of note, the document predates the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which substantially reformed the immigration laws, and cites to outdated regulations. Most importantly, however, it does not support a requirement that a warrant be served with a detainer. It merely indicates that one "should be issued and served upon the alien." And, this recommendation does not even include a temporal discussion. Plaintiffs cite no cases, in which a court has found the INA or the immigration regulations require service of an arrest warrant with a detainer. Even in criminal cases, prisoners are not required to be served with arrest warrants when a law enforcement agency receives a detainer from another law enforcement agency. *See, e.g.,* Interstate Agreement on Detainers Act, §§ 1 *et seq.*, 2, art. III(c), 18 U.S.C.A. App. ("The warden, commissioner of corrections, or other official having custody of the prisoner shall promptly inform him of the source and contents of any detainer lodged against him…"), and art. V(b)(2) (only requiring service of indictment, information, or complaint that forms basis of detainer on the custodial law enforcement agency when physical custody of prisoner is

transferred to the law enforcement agency who issued the detainer). Plaintiffs' request to require service of an arrest warrant with a detainer would be unprecedented.

Currently, ICE's detainer, Form I-247D, asks the state or local official to provide the alien with a copy of the ***detainer*** (not the warrant), and specifies that the detainer request does not become effective unless the state or local official does so. This provides the individual with notice of why ICE seeks to take him or her into custody. Providing the subject with a copy of the underlying warrant would provide the individual with no additional information. In any event, ICE serves the warrant when ICE takes the person into custody, and nothing in the statutes nor regulations requires immediate service of the warrant prior to that time. *See* 8 C.F.R. § 287.5(e)(3).

## II. Service of a Warrant is Not Contemplated by the Court's September 30, 2016 Order and Would Impose an Unnecessary Burden on ICE.

This Court found in Plaintiffs' favor on their statutory claim under 8 U.S.C. § 1357(a), finding that issuance of a detainer must be based on a warrant, unless an ICE officer "has reason to believe that the particular individual is likely to escape before a warrant can be obtained." ECF No. 239, ¶ 4(b). For issuance of a detainer based on a warrant, however, the Court did not find that the warrant need be served on the alien; ICE need only "obtain" a warrant. *See* Op. & Ord., Sept. 30, 2016, ECF No. 230. The Court emphasized the fact that *obtaining* a warrant would not take considerably more time above and beyond what ICE was already doing before ICE issued a detainer: "Given that ICE makes (and always has made) a probable cause determination as to a subject's removability before a detainer is issued, it is difficult to see why (and Defendants do not provide any basis for the Court to find that) it would take materially longer for ICE to obtain a warrant than to issue a detainer." *Id.* at 11. The Court also emphasized that its view of the error in ICE's procedures was the fact that ICE did not make

3

individualized determinations regarding flight risk before a warrant could be obtained; not whether ICE served the warrant. *See id.* at 15-16 ("The bottom line is that, because immigration officers make no determination whatsoever that the subject of a detainer is likely to escape upon release before a warrant can be obtained, ICE's issuance of detainers that seek to detain individuals without a warrant goes beyond its statutory authority to make warrantless arrests under 8 U.S.C. § 1357(a)(2).").

But, the Court's reasoning that *obtaining* a warrant is not particularly more burdensome does not apply to the further step of ICE *serving* a warrant. Requiring service of a warrant would be more burdensome on ICE, if not impossible in many circumstances, particularly in the case of aliens housed in remote locations. ICE often issues detainers to arrange to take custody of an alien who may be hundreds of miles from the nearest ICE Enforcement and Removal Operations facility. *See* Declaration of Matthew Albence, attached as Ex. A to ECF No. 241, Defts' Mot. to Stay J'ment, at ¶ 12 (noting that "[a] great many prisons and jails are several hundred miles away from the nearest Chicago AOR sub-office, making it impossible for ERO to take custody of all removable aliens before they are released from a state or local law enforcement agency without a detainer," and giving as an example the Douglas County, WI, jail, which "is over 400 miles from Milwaukee, Wisconsin – the nearest Chicago AOR sub-office"). A service requirement would require ICE to not only obtain a warrant, but travel hundreds of miles to the criminal detention facility, serve the warrant, and simultaneously ask the detention facility to hold the person until ICE can take custody. In cases in which the alien will only be criminally detained for a short period, this would render the detainer useless because ICE could take custody at the time it serves the warrant. Accordingly, amending the judgment in the manner proposed would create an undue burden and result in duplicative efforts, nullifying the purpose of the detainer.

## CONCLUSION

For the reasons discussed above, Defendants respectfully request that the Court deny Plaintiffs' motion to amend or alter.

Date: January 25, 2017

Respectfully submitted,

JOYCE BRANDA
Acting Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

COLIN A. KISOR
Deputy Director

WILLAIM SILVIS
Assistant Director

*/s/ Katherine E. M. Goettel*
KATHERINE E.M. GOETTEL
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
Post Office Box 868
Ben Franklin Station
Washington, DC 20044

Attorneys for Defendants