UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE JIMENEZ MORENO and MARIA JOSE LOPEZ, on behalf of themselves and all others similarly situated, | ) ) ) ) | No. 11-CV-05452 |
| Plaintiffs, | ) ) | Judge John Z. Lee |
| v. | ) ) | Defendants' Motion to Reconsider Approval of Service Awards to Named Plaintiffs. |
| JANET NAPOLITANO, *et al.*, in their official capacities, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION FOR RECONSIDERATION OF
THE COURT'S MARCH 18, 2019 APPROVAL OF
SERVICE AWARDS TO NAMED PLAINTIFFS**

**I.      INTRODUCTION**

On March 12, 2019, Plaintiffs moved for approval of service awards to the class

representatives, Jose Jimenez Moreno and Maria Jose Lopez.  Motion, ECF No. 289.  The

Motion was not unopposed.  On March 18, 2019, the Court granted the motion without the

benefit of briefing or argument from Defendants responding to Plaintiffs' request.  ECF Nos.

291, 292.[1]  Pursuant to Federal Rule of Civil Procedure 60(b)(6), Defendants respectfully request

that this Court reconsider its March 18, 2019 and March 19, 2019 Orders granting Plaintiffs'

request for approval of service awards.  This Court should reconsider its approval of Plaintiffs'

request for approval service awards because such an award would be an improper refund

provided to the named plaintiffs from fees that this Court awarded under the Equal Access to

Justice Act, as taxpayer funds for attorneys' fees were never meant to enrich named plaintiffs in

---

[1] Prior to the Court ruling on Plaintiffs' Motion, the parties had negotiated a briefing
schedule and Plaintiffs were aware that Defendants were opposing their Motion.

class action cases, and because binding Seventh Circuit precedent forecloses "incentive awards" under these circumstances.

## II.     FACTS

In Mary 2017, Plaintiffs moved for the federal government to pay their attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, "as compensation for six years' worth of work by their counsel."[2] Mot. For Attorney's Fees, ECF No. 268 at 11.  In September 2018, this Court awarded Plaintiffs $527,273.98 in attorneys' fees.  Order, ECF No. 288 at 1.  Plaintiffs' counsel requested permission to redistribute $30,000.00 of the taxpayer-funded attorneys' fees to the named plaintiffs, $15,000 each to Jose Jimenez Moreno and Maria Jose Lopez, purportedly as "service awards."  Mot. For Approval of Service Awards, ECF No. 289.  This Court granted the Motion, and cancelled the presentment hearing, without Defendants having an opportunity to oppose the Motion.  (ECF No. 292.)

## III.    ARGUMENT

> A.  *"Incentive awards" are paid to named plaintiffs out of money damages recovered in cases between private litigants, not in injunctive relief cases involving the federal government.*

This Court should reconsider its grant of Plaintiffs' motion for approval of service awards, because such awards are not appropriate out of EAJA fees paid in an injunctive relief case against the United States.  Indeed plaintiffs point to no legal authority authorizing the refund of EAJA fees to a plaintiff in a purely injunctive case with no damages component or relief.  The cases Plaintiffs cite in their motion are readily distinguishable as they involve private parties and

---

[2] Plaintiffs alleged, and Defendants did not dispute, that "the named plaintiffs . . . fall well under the statutory income threshold for fee awards." (ECF No. 268 at 5.) ($2 million dollars.)

not the government, and the "incentive awards" provided to the named plaintiffs were paid out of monetary damages and settlement awards recovered in those cases. *See e.g.*, *Craftwood Lumber Co. v. Interline Brands, Inc.*, No. 11-cv-4462, 2015 WL 1399367 (N.D. Ill. Mar. 23, 2015) (awarding incentive awards in a putative class action against non-government defendant); *Sanchez v. Roka Akor Chicago LLC*, No. 14-cv-4645, 2017 WL 1425837 (N.D. Ill. Apr. 20, 2017) (approving service award to class representative out of settlement fund in class action against non-government defendant); *In re Akorn, Inc. Sec. Litig.*, No. 15-cv-1944, 2018 WL 2688877 (N.D. Ill. June 5, 2018) (approving settlement attorney fees, costs, and incentive awards in class action against non-government defendants); *In re Sw. Airlines Voucher Litig.*, No. 11-cv-8176, 2013 WL 4510197 (N.D. Ill. Aug. 26, 2013) (approving class settlement, including incentive awards in class action against Southwest Airlines); *In re AT&T Mobility Wireless Data Services Sales Tax Litig.*, 792 F.Supp.2d 1028 (N.D. Ill. June 2, 2011) (approving award of attorney fees, costs, and incentive awards in class action against provider of wireless telephone services). Moreover, Plaintiffs' argue that "fee awards are payable to the litigants, not to counsel, with the final disposition of the funds to be determined as a matter of contract between the litigants and their counsel." ECF No. 289 at 2.[3]

In this case, Plaintiffs filed a motion for "an award of attorneys' fees and costs", initially asserting that the taxpayers should pay their counsel $776,099.45. ECF No. 265 at 1; *see also* ECF No. 268 at 2 (requesting an "award of fees and costs"). Nowhere in Plaintiffs' EAJA Motion or Reply brief did they state that Jose Jimenez Moreno or Maria Jose Lopez

---

[3] The motion does not disclose whether Plaintiffs' counsel undertook pro bono representation of Plaintiffs and the class.

3

contemplated keeping some of the money for themselves if the Court granted EAJA and awarded attorneys' fees. *See* ECF Nos. 265, 268, 276. Notably in all of the cases cited by Plaintiffs, incentive awards were considered separate from attorneys' fees and costs. Because the EAJA statute does not contemplate enriching named plaintiffs at taxpayer expense, this Court should deny the motion.

> B. *Seventh Circuit precedent forecloses paying incentive awards where, as here, it was not necessary to induce individuals to become named representatives.*

This Court should also deny Plaintiffs' motion for approval of an "incentive award" because the named plaintiffs in this case did not need the lure of a payout to participate in this lawsuit. "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid Marketing* Litigation, 264 F.3d 712, 722 (7th Cir. 2001); *see also Craftwood Lumber Co. v. Interline Brands, Inc*. No.11-cv-4462 (N.D. Ill. Mar. 23, 2015). However, and fatal to Plaintiffs' motion, is that both Moreno and Lopez were deposed and explicitly denied having any financial incentive to participate in this lawsuit. *See* Moreno Transcript at 92:11-20 (Attachment A) ("Q: Do you understand that no matter the outcome of this lawsuit you don't stand to gain any money? A: Money doesn't interest me . . . . Q: Is anyone paying you to participate in this lawsuit? A: No."); *see* Lopez Transcript at 59:23-25, 60:1-4) (Attachment B) ("Q: Do you believe that you stand to receive any money from the outcome of this lawsuit? A: No, ma'am. Q: Are you being paid to participate in this lawsuit? A: No, ma'am."). Plaintiff Lopez even testified that she participated in the lawsuit because: "I wouldn't like others – if I can help out others that went – going [through] the same situation that I went through, too, because I do care for other people, that it will affect them as it affected me." Attachment B at 59:10-21. Unlike the situations presented in the cases cited by Plaintiffs,

4

neither Lopez nor Moreno needed financial incentive, or even contemplated it, to participate as named plaintiffs.

Notably, the Court of Appeals for the Seventh Circuit has stated that if at least one named plaintiff would "have stepped forward without the lure of an 'incentive award,' there is no need for such additional compensation. . . ." *Craftwood Lumber Co.*, 2015 WL 1399367, at *2 (quoting *In Ree Synthroid Marketing Litigation*, 264 F. 3d at 723). In this case, there can be no doubt that individuals stepped forward to become named plaintiffs because, in addition to Moreno and Lopez, two additional people volunteered to become named plaintiffs. Sergey Mayorov and Nicholas Taylor-Jones filed a motion to intervene as additional named plaintiffs "to seek to curb ICE's future violations of their own rights and the rights of others." ECF No. 26 at 5.[4] Thus, as the Seventh Circuit has clearly stated, "the market rate for incentive reimbursements here is accordingly zero." *Synthroid Marketing Litigation*, 264 F. 3d at 723. Accorddingly, theis Court should properly reconsider, and deny, the Motion.

## IV.  CONCLUSION

Plaintiffs have pointed to no legal authority justifying payment of EAJA award fees as "service awards" or "incentive awards" to named plaintiffs in an injunctive suit against the United States. Accordingly, Defendants respectfully request that this Court reconsider its March 18, 2019 and March 19, 2019 Orders granting Plaintiffs' request for approval of service awards, and deny Plaintiff's Motion for Approval of Service Awards, ECF No. 289.

---

[4] The putative intervenors were also represented by Winston & Strawn and the National Immigrant Justice Center. ECF No. 26 at 10.

Date:  March 19, 2019

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

SCOTT STEWART
Deputy Assistant Attorney General
Civil Division

WILLIAM C. PEACHEY
Director, Office of Immigration Litigation
District Court Section

COLIN A. KISOR
Deputy Director

WILLIAM C. SILVIS
Assistant Director

*/s/  Kathleen A. Connolly*
KATHLEEN A. CONNOLLY
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
Post Office Box 868, Ben Franklin Station
Washington, DC 20044
Tel:  (202) 305-8627
Kathleen.A.Connolly@usdoj.gov

Attorneys for Defendants